DELAWARE AND ATLANTIC TELEGRAPH AND TELEPHONE
COMPANY, APPELLANT, v. MAYOR AND COUNCIL OF
BEVERLY, RESPONDENT.

Submitted July 6, 1914—Decided September 25, 1914.

On appeal from the Supreme Court, in which court the following memorandum was filed by Mr. Justice Voorhees:

"The prosecutor is a duly organized New Jersey corporation, which by resolution of the authorities of the city of Beverly, obtained on March 2d, 1899, for ten years, from the 21st day of March, 1899, to the 21st day of March, 1909, the authority to operate a telephone service in said city.

"On June 2d, 1910, a resolution was passed granting to the company an extension of its license. The minutes show that this meeting, after passage of the resolution, was adjourned to meet on the 16th day of June, 1910, such adjourned meeting thus becoming a part of the meeting of June 2d. The prosecutor then procured its bond, agreement and other papers, and they were brought to the adjourned meeting and were taken by the officers of the city, and are still held by them.

"Meanwhile, at the adjourned meeting, a vote was taken and carried that there be a reconsideration of the resolution of the preceding meeting, by which the license was renewed. After this a motion was made that the prosecutor's original resolution be laid over until the next stated meeting. An adjournment to meet June 30th was then voted. There was a further postponement on June 30th until July 7th. At the last mentioned meeting the renewal proceedings were lost. This writ of *certiorari* was allowed April 19th, 1912, almost two years after the controversy arose.

"At the meeting held July 7th, 1910, a representative of the prosecutor 'asked that further action be given them on the plans,' which action was held until the next meeting, on August 4th; a representative of the company was allowed

to state that the communication theretofore made merely asked that some action be taken upon the matter.

"The whole point of defence. is that the meeting, at which the resolution undoing the action of the council, was an adjourned meeting of the one in which it was enacted, and that under *Styles* v. *Lambertville, 73 N. J. L.* 90, 'A deliberative assembly may lawfully reconsider and annul a vote previously taken at the same meeting and that the session of the deliberative assembly, which is held in pursuance of a special motion adopted at a regular meeting, to adjourn the meeting to a fixed time is a continuation of the regular meeting and at such session the assembly can do anything that it could have done at the earlier session.'

"It is said that the prosecutor paid the bill of the city council, but that it was not paid until after the idea of adjournment had been provided, and I fail to find any elements of an estoppel as defined in *Central Railroad Co.* v. *McCartney, 68 N. J. L.* 165, 175.

"I conclude that the action to reconsider was done at the meeting of the council when it was enacted. The resolution was rescinded before any act was done upon it, which tended to fix the rights of the prosecutor as a finality, and that the proceedings of the council must be held to be proper in their form, and must be affirmed."

For the appellant, *Lewis Starr.*

For the respondent, *G. Dore Cogswell.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of Mr. Justice Voorhees in the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, HEPPENHEIMER, WILLIAMS, JJ. 14.

*For reversal*—None.